# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JENNY YOO COLLECTION, INC.,

    Plaintiff,

v.

ESSENSE OF AUSTRALIA, INC.

    Defendant.

Case No. 17-2666-JAR-GLR

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Vacate the Initial Order Regarding Planning and Scheduling (ECF 20). Plaintiff has filed a response in opposition (ECF 21). For the following reasons, the Court denies the motion.

Plaintiff filed this action on November 22, 2017. On February 12, 2018, Defendant filed a motion to dismiss (ECF 11). The Court entered its initial order regarding planning and scheduling on May 17, 2018 (ECF 18). This is the basis of Defendant's present motion. Defendant argues the Court should vacate its initial order and stay all further proceedings pending ruling on its motion to dismiss, which it contends will likely be granted. Plaintiff opposes the motion and suggests that a pending dispositive motion does not justify a stay of proceedings.

Whether to stay discovery and other pretrial proceedings is within the sound discretion of the trial court.[1] "The general policy in this district is not to stay discovery even though dispositive motions are pending."[2] There are exceptions to this general policy, including "where

---

[1] *Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, No. 08-CV-2662-JAR-DJW, 2010 WL 4279390, at *2 (D. Kan. Oct. 22, 2010) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990)).

[2] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[3] The moving party must show a compelling reason to stay discovery.[4]

Defendant fails to meet these exceptions. Defendant assumes that its motion to dismiss will be granted, because a motion to dismiss in a similar case in another jurisdiction was granted. But Plaintiff says the motion to dismiss was granted on procedural grounds, not on the merits. Defendant fails to provide any authority, moreover, to stay because of a pending motion to dismiss. At least one of the cases Defendant cites is not applicable to the present situation, because it involves the assertion of qualified immunity as a defense, which has no application in this case here. Defendant has not asserted any immunity or shown that the pending dispositive motion will likely dispose of the case in its entirety. The Court finds Defendant has not carried its burden to show a valid reason to stay discovery.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Vacate the Initial Order Regarding Planning and Scheduling (ECF 20) is **denied**.

**IT IS SO ORDERED.**

Dated July 12, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[3] *Id.*

[4] *Hammer v. Sam's East, Inc.*, No. 12-2618-CM-GLR, 2013 WL 3225847, at *1 (D. Kan. June 25, 2013) (citing *Evello Investments N.V. v. Printed Media Sevs., Inc.*, No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995)).