IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNY YOO COLLECTION, INC., )
)
                Plaintiff, )
)
vs. )   Case No. 17-2666-JAR-GEB
)
ESSENSE OF AUSTRALIA, INC., )
)
                Defendant )
_____)

## MEMORANDUM AND ORDER

On December 12, 2018, the Court convened an in-person motion hearing to address Plaintiff's Motion for Leave to Substitute and File Exhibits ("Motion") (**ECF No. 41**).[1] Plaintiff appeared through counsel, Laura-Michelle Horgan, William H. Meyer, and Maurice N. Ross.[2] Defendant appeared through counsel, James J. Kernell and Kyle D. Donnelly. After review of Plaintiff's Motion and Memorandum in Support (ECF No. 42), Defendant's Response (ECF No. 47), all attached exhibits, and hearing arguments of counsel, the Court **GRANTED** the Motion at the hearing. The previously-announced ruling of the Court is now memorialized below.

**I.    Background**

On November 22, 2017, Plaintiff filed its original Complaint against Defendant alleging (1) federal trade dress infringement; (2) common law trade dress infringement

---

[1] The Court also heard argument on Defendant's Motion for Protective Order (ECF No. 43). The Court will enter a separate written order regarding this Motion.
[2] Ms. Horgan and Mr. Meyer personally appeared at the hearing. Mr. Ross appeared by telephone.

1

and unfair competition; (3) infringement of the 'D723 Patent; and (4) infringement of the 'D120 Patent.[3] Plaintiff attached copies of the two patents at issue as an exhibit to the Complaint.[4] In response, Defendant, on February 12, 2018, filed a Motion to Dismiss for Failure to State a Claim.[5]

On August 7, 2018, Chief District Judge Julie A. Robinson granted in part and denied in part Defendant's Motion to Dismiss for Failure to State a Claim.[6] As important here, Judge Robinson granted Plaintiff leave to amend its Complaint to clarify what its trade dress covers beyond "two front panels and two rear panels attached to the waist."[7]

Plaintiff timely filed an Amended Complaint, and attached a redline version of the Amended Complaint purporting to show the changes made to the original Complaint as Exhibit A.[8] Additionally, while Plaintiff's allegations regarding patent infringement remained in the Amended Complaint,[9] Plaintiff did not re-attach copies of the two patents at issue as exhibits.

On September 10, 2018, Defendant filed a Second Motion to Dismiss.[10] As germane here, Defendant seeks to dismiss Plaintiff's amended claims regarding trade dress infringement, and specifically argues Plaintiff's revised definition of what its trade dress covers is still inadequate.[11] Plaintiff filed a Response to the Second Motion to Dismiss on

---

[3] ECF No. 1.
[4] ECF No. 1-1.
[5] ECF No. 11.
[6] ECF No. 25.
[7] *Id*. at p. 9.
[8] ECF Nos. 27 and 27-1.
[9] ECF No. 27, pp. 41-46.
[10] ECF No. 31.
[11] ECF No. 32, pp. 9-11.

2

October 1, 2018.[12] Defendant filed a Reply to Plaintiff's Response on October 15, 2018.[13] Thus, the Second Motion to Dismiss is ripe for ruling at this time.

Meanwhile, on November 2, 2018, Plaintiff filed a Motion for Leave to Substitute and File Exhibits ("Motion"),[14] which is at issue here. Plaintiff is asking to substitute an exhibit containing a *corrected* redline version of the Amended Complaint for the one currently on file as Exhibit A. Plaintiff is also seeking to add two exhibits, which contain copies of the patents at issue, to the Amended Complaint. Defendant filed an Opposition to Plaintiff's Motion on November 16, 2018.[15] No reply was permitted. The Court held a motion hearing on December 12, 2018.[16]

## II. Plaintiff's Motion for Leave to Substitute and File Exhibits (ECF No. 41)

### A. Legal Standard

Plaintiff is seeking to substitute an exhibit containing a corrected redline version of the Amended Complaint for the one currently on file. Plaintiff additionally seeks leave to add two exhibits, which contain copies of the patents at issue, to the Amended Complaint that were inadvertently omitted at the time of filing. Under these circumstances, a party should be allowed to substitute or add exhibits unless its request to do so is unduly delayed or prejudicial to the opposing party.[17]

---

[12] ECF No. 36.
[13] ECF No. 40.
[14] ECF No. 41.
[15] ECF No. 47.
[16] ECF No. 54.
[17] *See, e.g., ICE Corp. v. Hamilton Sundstrand Inc.*, No. 05-4135-JAR, 2008 WL 4290940, at *1-2 (D. Kan. Sept. 10, 2008) (ruling on motions for leave to substitute exhibits based on undue delay and prejudice to the opposing party).

B.   Discussion

1.   **Substitution of Redline Exhibit**

As stated above, when Plaintiff filed its Amended Complaint on August 20, 2018, it also filed a redline version of the Amended Complaint and attached it as Exhibit A. Plaintiff states it only filed this redline version as a courtesy to the Court to show the changes it made to the original Complaint. Plaintiff, upon realizing mistakes in the current redline version, is now seeking leave to fix those errors by substituting a corrected redline version. In particular, Plaintiff states the "redline version of the Amended Complaint currently filed as Exhibit A contains minor, unintentional inaccuracies, in that it did not run correctly and, as a result, does not accurately reflect the full extent of the changes made to the original Complaint."[18] Plaintiff further states "several sentences that were added throughout the Amended Complaint did not present as redline additions."[19]

Plaintiff insists substitution of a corrected redline version will not prejudice Defendant because Plaintiff does not seek to make any substantive changes to the Amended Complaint itself. Rather, Plaintiff only seeks to refile an accurate version of a redline it was not required to file in the first instance. Thus, per Plaintiff, because the requested substitution is purely ministerial, and not substantive, its request should be granted.

Defendant, on the other hand, characterizes Plaintiff's Motion as one to amend the pleadings by adding what it describes as a redlined Amended Complaint with "substantive

---

[18] ECF No. 42, p. 4.
[19] *Id.*

4

additions, modifications and deletions,"[20] and analyzes it under Fed. R. Civ. P. 15, which governs amendments to the pleadings. Defendant also argues Plaintiff's Motion is untimely as the deadline to file amended pleadings was August 31, 2018. Further, Defendant states the corrected redline version is still not correct because the numbering from paragraph 67 on is not accurate.

The Court, however, has compared the two redline versions and has compared each to the Amended Complaint on file at ECF No. 27. While it is true that not all of the changes in the current Exhibit A showed up as "redlined," the substance of each redline version appears to be the same and appears to match the Amended Complaint at ECF No. 27. Because the Court finds no apparent substantive changes are being made to the Amended Complaint with the substitution of the corrected redline version, the Court finds analysis of Plaintiff's Motion under Rule 15, and Defendant's arguments regarding the same, simply misplaced.

Defendant also argues it will be prejudiced by the substitution of the corrected redline version. Defendant states it relied on the redline version at Exhibit A when preparing the Second Motion to Dismiss. Defendant states "[e]ach of the paragraphs that were not marked as altered, were ignored by Essense, focusing only on the substantive changes identified by Plaintiff. And, only when Plaintiff filed its 'corrected' redline version, was Essense made fully aware of the significant edits Plaintiff made to the pleadings in this case."[21]

---

[20] ECF No. 47, p. 4.
[21] *Id.* at p. 2.

5

In addressing Defendant's arguments, the Court reviewed Defendant's Second Motion to Dismiss and Memorandum in Support, Plaintiff's Response, and Defendant's Reply to Plaintiff's Response. From its review of these briefings, the Court finds Defendant's argument that it only relied on the redline changes in Exhibit A and ignored any paragraph not marked as altered when preparing the Second Motion to Dismiss implausible.

For example, one of Defendant's arguments in its Second Motion to Dismiss is that Plaintiff's Amended Complaint still does not adequately define what Plaintiff's trade dress covers.[22] Defendant relies heavily on paragraph 12 of the Amended Complaint in showing Plaintiff's description of its trade dress is still too vague.[23] However, paragraph 12 is one of the paragraphs that was revised by Plaintiff, but that **did not** show up as redlined on Exhibit A.[24] Per Defendant's above argument, it would have ignored this paragraph. However, Defendant cites to the **non-redlined** portions in its Second Motion to Dismiss.[25]

Furthermore, in its Response to the Second Motion to Dismiss, Plaintiff cites paragraph 12 in its entirety.[26] Once Defendant read Plaintiff's Response and looked at paragraph 12 in the redlined Exhibit A, which is the only document Defendant supposedly relied on, Defendant would have known that not all of Plaintiff's changes to the Amended

---

[22] ECF No. 32, pp. 9-11.
[23] *Id.*
[24] ECF No. 27-1, pp. 4-5.
[25] ECF No. 32, pp. 9-10.
[26] ECF No. 36, pp. 8-9.

Complaint showed up as redlined on Exhibit A.[27] Therefore, it is not credible Defendant only relied on the redlined changes in Exhibit A in preparing its Second Motion to Dismiss.[28] As such, the Court cannot see how Defendant will be prejudiced by allowing Plaintiff to substitute a corrected redline version of the Amended Complaint.[29]

Defendant next argues Plaintiff is dramatically changing its definition of what the purported trade dress covers with this corrected redline version, and allowing Plaintiff to file the corrected redline version now fails to provide Defendant fair notice of what is in the Amended Complaint. In support, Defendant contends this District requires redline versions to be attached when Amended Complaints are filed. Defendant cites D. Kan. Rule 15.1(a), which requires a party to set forth a concise statement of the amendment when filing a motion to amend a pleading.

Here, however, Plaintiff's Amended Complaint was not filed as a result of a motion to amend, rather Judge Robinson granted it an opportunity to amend the Complaint when ruling on Defendant's first Motion to Dismiss. Therefore, neither a redline version or a concise statement of the amendment was required. Furthermore, Defendant has not cited to any authority stating it is the practice of this District to require redline versions of

---

[27] *See, e.g., ICE Corp.*, 2008 WL 4290940, at *1 (granting request to substitute a corrected exhibit where the mistake should have been obvious to defendant upon reading plaintiff's brief).

[28] It should also be noted that Defendant cites to the Amended Complaint on file at ECF No. 27 in its Second Motion to Dismiss and related briefings, and not to the redline version attached as Exhibit A. (*See* ECF Nos. 32, 40.) The Court would expect a party and its counsel to be aware of the contents in a document they cite repeatedly.

[29] In its Reply to Plaintiff's Response to Defendant's Second Motion to Dismiss, Defendant cites to paragraphs 39, 60, 68, and 69 of the Amended Complaint to support its trade dress identification arguments. (ECF No. 40, pp. 1-2). These paragraphs were either not substantively revised by Plaintiff or the redlined changes did show up in Exhibit A.

amended pleadings. Thus, the filing of the Amended Complaint itself at ECF No. 27 gave Defendant proper and appropriate notice of all changes made to the original Complaint.

Finally, Defendant implies bad faith on the part of Plaintiff in bringing this mistake to light after Defendant filed its Second Motion to Dismiss, which occurred on September 10, 2018. During the hearing on this matter, Plaintiff's counsel stated they noticed the error just a few days before contacting Defendant's counsel about consenting to an unopposed motion to correct the same. This occurred on October 12, 2018.[30] Defendant's counsel confirmed it would not consent to such a motion on October 26, 2018.[31] Plaintiff proceeded to file the instant Motion on November 2, 2018. While it is unfortunate Plaintiff did not notice the error earlier, it did alert Defendant to the same within days of discovering the mistake. Therefore, the Court does not find any bad faith on Plaintiff's part or find Plaintiff's request to substitute Exhibit A unduly delayed.

Based on the above, the Court does not believe Defendant will be prejudiced by the substitution of Exhibit A. Neither does the Court find Plaintiff's request unduly delayed. Therefore, the Court **GRANTS** Plaintiff's request to substitute the corrected redline version of the Amended Complaint for the existing Exhibit A.

2. **Filing of Patent Exhibits**

At the December 12, 2018 hearing Defendant stated it does not oppose Plaintiff's request to file exhibits containing copies of the patents. Therefore, the Court **GRANTS** Plaintiff's request.

---

[30] ECF No. 42-5.
[31] *Id.*

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Substitute and File Exhibits (ECF No. 41) is **GRANTED**. Plaintiff shall file the requested exhibits[32] forthwith.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of December 2018.

s/ GWYNNE E. BIRZER
GWYNNE E. BIRZER
United States Magistrate Judge

---

[32] *See* ECF Nos. 42-2, 42-3, 42-4.