# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JENNY YOO COLLECTION, INC.,

    Plaintiff,

v.

ESSENCE OF AUSTRALIA, INC.,

    Defendant.

Case No. 17-2666-JAR-GEB

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Essence of Australia, Inc.'s ("Essence") Motion for Protective Order (Doc. 122) asking the Court to forbid the taking of the deposition of Kay Chin as noticed by Plaintiff Jenny Yoo Collection, Inc. ("JY"), and JY's Motion to Continue *Markman* Hearing (Doc. 108) in order to conduct a deposition of Ms. Chin. The parties' expedited briefing is complete and the Court is now prepared to rule. As explained below, Essence's motion for protective order is granted. JY's motion to continue the *Markman* hearing in order to depose Chin is denied; the Court concludes that construction of the claims in JY's design patents at issue for the two dresses is adequately presented in the parties' written submissions without the need for a hearing.

## I.   Background

JY asserts claims against Essence for alleged trade dress infringement and patent infringement of the 'D120 Patent and 'D723 Patent on two bridesmaid dresses. JY identified Chin as a potential witness in its initial disclosures served on Essence on July 3, 2018.[1] On

---
[1] Doc. 115, Ex. A at 2.

August 21, 2018, Magistrate Judge Gwen E. Birzer entered a phased Initial Patent Scheduling Order allowing for early claim construction.[2] Claim construction discovery was to be completed by November 30, 2018, and claim construction briefing was to be completed by February 8, 2019. Judge Birzer denied JY's request to modify the initial scheduling order to have claim construction proceedings occur at the summary judgment phase after the completion of all fact and expert discovery, as opposed to the completion of claim construction discovery, but extended the claim discovery deadlines.[3] The claim construction discovery deadline was ultimately continued until March 15, 2019.[4] This Court, at its discretion, was to then set a date to hear and decide the parties' claim construction issues, after which a scheduling order for the remainder of discovery and other pretrial matters would be set.

On January 15, 2019, the court issued a protective order in light of JY's attempt to extend discovery geared toward infringement and invalidity, not claim construction.[5] In that order, Judge Birzer addressed the claim construction standard for design patents, where the claims are described by drawings, not words.[6] Highly summarized, the court found that JY appeared to be seeking discovery from Essence's designers in order "to find out how [Essence] construed [JY's] patent drawings in designing its own dresses, which would enable [JY] to advocate for a claim construction more likely to lead to a finding of infringement," which would be an "improper use of extrinsic evidence."[7] The court also viewed JY's discovery requests as an attempt to

---

[2] Doc. 29.
[3] Doc. 23.
[4] Doc. 58.
[5] Doc. 56.
[6] *Id.* at 3–7.
[7] *Id.* at 15–16 (citations omitted).

circumvent the court's previous order "by trying to fit in all discovery before claim construction proceedings, which is also contrary to this District's Patent Local Rules."[8]

JY filed a motion to reconsider the January 15 protective order prohibiting depositions of Essence's designers and a motion to strike Essence's proposed claim construction and extrinsic evidence. Judge Birzer denied both motions in a comprehensive order issued July 31, 2019.[9] Highly summarized, the court concluded that there was no clear error because it did not, and does not, misapprehend either the proper scope of claim construction discovery or the reason JY is seeking the discovery at issue, the law of extrinsic evidence in claim construction, or the use of extrinsic evidence.[10] Notably, the court concluded by pointing out the need for this case to move past claim construction, which has been impeded by "the parties' (and their counsel's) unwillingness and inability to follow the Court's orders and to work with each other in a civil manner."[11] Although it declined to impose sanctions at the time, the court strongly encouraged the parties to review and consult the Pillars of Professionalism regarding their interactions with each other.[12]

On August 30, 2019, this Court set a claim construction hearing ("*Markman* hearing") for October 22, 2019.[13] On September 30, 2019, Essence filed motions *in limine* to exclude the reports, affidavits, and testimony of two of JY's claim construction witnesses, Kay Chin and Jeffrey Trexler.[14] On October 8, 2019, the Court set a telephonic pre-*Markman* hearing for

---

[8]*Id.* at 16 (citing D. Kan. Pat. Rules 4.1–4.7).
[9]Doc. 93.
[10]*Id.* at 9–22.
[11]*Id.* at 46.
[12]*Id.* at 46–47.
[13]Doc. 100.
[14]Docs. 102, 103.

October 15, 2019 at 11:00 a.m., and advised the parties to be prepared to address the expected parameters of the *Markman* hearing, witnesses and evidence to be presented, the motions *in limine*, and any other matters to be brought to the Court's attention.[15] That day, JY filed a Motion to Continue the *Markman* hearing until late November or December 2019, so that it could conduct a trial deposition of Ms. Chin in Honolulu, Hawaii, which it intends to use in lieu of calling Ms. Chin as a live percipient and expert witness at the hearing. Essence advised JY and the Court that it objected to a continuance as well as to the untimely deposition of Ms. Chin. JY declined the Court's email suggestion to proceed with oral argument on the claim construction issues October 22, as supplemented by Ms. Chin's deposition if the Court finds appropriate. Counsel for JY also advised the Court by email that they were unavailable to participate in the scheduled pre-hearing telephone conference on October 15, as well as the alternative date offered by the Court of October 11, 2019. The Court then converted the October 22 *Markman* hearing to a pre-*Markman* hearing, where it heard argument on the motions *in limine* and the need for an evidentiary claim construction hearing on the design patents at issue.

At the pre-*Markman* hearing, counsel for Essence clarified that the verbal description for the 'D120 and 'D723 Patents was not for the drawings, but for the terms used in the description of what is shown in the drawings covered by the Patents. Counsel for JY clarified that its position is that in a design patent case, the claims are represented by the drawings and only the drawings, and that Essence incorrectly argues that the words contained in the drawings have a meaning separate and apart from the drawings themselves. When Essence separated out those words from the drawings, JY responded by connecting those words to the drawings. The Court granted the parties' request to file additional submissions regarding the Manual of Patent

---

[15]Doc. 107.

Examining Procedure ("MPEP") and the significance of the terms "as shown and described" and "as shown" in the claims. The Court took the motions to exclude and continue under advisement and informed the parties it would endeavor to issue an order as soon as practicable in the coming weeks.

At the hearing, JY also raised the issue of Ms. Chin being deposed in Hawaii as part of another case it is prosecuting against David's Bridal in the Southern District of New York, where a claim construction hearing on the same patents was scheduled for November 13, 2019, and stated that it would invite Essence to participate in that deposition. The Court declined to order Essence to attend, leaving it up to Essence to decide whether or not to attend in light of the motions pending before the Court.

Undeterred by this Court's ruling or Judge Birzer's rejection of JY's attempts to modify and circumvent the phased scheduling order, JY proceeded to schedule Ms. Chin's deposition in this case for November 7 and 8, 2019, in Honolulu, Hawaii. JY did not consult Essence in advance of issuing the Notice, which states that JY intends to use Ms. Chin's deposition as evidence at any claim construction hearing scheduled in this matter as well as at trial. After the parties unsuccessfully conferred in an effort to resolve the dispute, Essence moved for a protective order. The Court ordered expedited briefing, noting that pursuant to D. Kan. Rule 26.2(a), the deposition to which the motion for protected order is directed is stayed pending an order of the Court.[16]

While the motions were pending, on November 5, 2019, United States District Judge Paul G. Gardephe entered an order in the New York case granting the parties' joint request to continue the *Markman* hearing until January 3, 2020, clarifying that the court would allow

---

[16]Doc. 124.

witness testimony and other evidence at the hearing, and ruling the motions *in limine* to preclude the testimony of Trexler and Chin are premature, with leave to renew upon completion of expert discovery.[17] In response to this Court's email inquiry whether the motion for protective order was moot in light of Judge Gardephe's order, JY advised that Ms. Chin's deposition had been postponed but that it intends to reschedule her deposition as noticed in the David's Bridal case for both claim construction and as a "trial deposition," and requested this Court rule on the motion for the protective order and motion to continue the claim construction hearing to conduct Chin's deposition. Essence responded that the motion for protective order was moot for the time being, but it would renew its objection to any future notice of deposition of Ms. Chin. To date, JY has not re-noticed Ms. Chin's deposition in either proceeding.

## II. Discussion

### A. Protective Order

Fed. R. Civ. P. 26(c) governs protective orders and states, in relevant part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense " including "forbidding the disclosure or discovery."[18] The party seeking to quash a notice of deposition must show "good cause" for the requested protective order.[19] To establish "good cause" under Rule 26(c), the movant "must clearly define the potential injury to be caused by requested discovery."[20] Further, "the moving party must make 'a particular and specific demonstration of fact, as distinguished from

---

[17]*Jenny Yoo Collection, Inc. v. David's Bridal, Inc.*, No. 18-9926-PGG, Doc. 95 (S.D.N.Y. Nov. 5, 2019).

[18]Fed. R. Civ. P. 26(c)(1).

[19]*Id.*; *MNM Inv. LLC v. HDM, Inc.*, No. 18-1267-EFM-KGG, 2019 WL 4450636, at *2 (D. Kan. Sept. 17, 2019) (citation omitted).

[20]*MNM Inv.*, 2019 WL 4450636, at *2 (quoting *Purewave Networks, Inc. v. Stutler Tech. Corp.*, No. 13-2181-EFM-KGG, 2013 WL 6179183, at *1 (D. Kan. Nov. 25, 2013)).

6

stereotyped and conclusory statements.'"[21] The district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.[22] The Supreme Court has explained that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[23]

Essence argues that a protective order is justified because JY's attempt to depose Ms. Chin is both untimely and unauthorized and would cause Essence undue burden and expense if allowed to proceed as noticed. JY responds that Ms. Chin is a "critical witness" uniquely qualified to provide both fact and expert testimony in the *Markman* claim construction hearing and that because her deposition is a "trial deposition," it does not matter that the period for claim construction discovery is closed.

The Court finds good cause to grant Essence's motion and will not permit the deposition of Ms. Chin to proceed as noticed. First, per the Patent Local Rules and Judge Birzer's previous orders, phased discovery before the *Markman* hearing is limited to discovery directed at claim construction, which closed on March 15, 2019. JY's attempts to argue that deadline does not apply to Ms. Chin are not well taken. D. Kan. Patent Rule 4.4 is clear that "[n]ot later than 28 days after the filing of the Joint Claim Construction Statement, the parties must complete all discovery relating to claim witnesses, including experts, identified in the Preliminary Claim Construction and (D. Kan. Pat. Rule 4.2) or Joint Claim Construction Statement (D. Kan. Pat. Rule 4.3)." JY has not moved to reopen claim construction discovery and any attempt to take

---

[21]*Id.* (quoting *hibu Inc. v. Peck*, No. 16-1055-JTM-TJJ, 2017 WL 2831511, at *2 (D. Kan. June 30, 2017)).

[22]*MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[23]*Seattle Times*, 467 U.S. at 36.

Ms. Chin's deposition for purposes of claim construction is thus late by more than eight months. And although not addressed in this Order, it bears repeating that Ms. Chin's affidavit and testimony at the *Markman* hearing are subject to a pending motion *in limine*.

Moreover, the fact that JY has labeled Ms. Chin's deposition as a "trial deposition" does not afford it special treatment in this district. Magistrate Judge Angel Mitchell recently rejected a party's attempt to label twelve depositions as "trial depositions" and not for the purposes of discovery in order to avoid the discovery deadline in the scheduling order, and explained the rationale for not granting purported "trial depositions" special treatment.[24] Citing the weight of recent authority as well as the language of Fed. R. Civ. P. 30 through 32, the court declined to draw such a distinction, stating "[t]o hold otherwise would circumvent scheduling order deadlines and create confusion as to the applicable rules. For example, parties could wait until after discovery ends to marshal evidence, so long as they did so under the guise that they were taking 'trial depositions.'"[25]

The Court agrees that at this point in the phased discovery proceedings, JY's deposition of Ms. Chin likewise must be treated like any other discovery deposition, despite its label. Although D. Kan. Rule 30.3 provides an exception for the deposition of a material witness who agrees to appear at trial but later becomes unable, or refuses to attend, to be taken at any time before trial, JY is attempting to take a deposition for use at a *Markman* hearing.[26] Trial has not been set in this matter, nor has the trial phase of discovery commenced. JY cannot dispute that

---

[24]*Watchous Ent., L.L.C. v. P. Nat'l Capital*, No. 16-1432-JTM-ADM, 2019 WL 1569344, at *1–2 (D. Kan. Apr. 11, 2019).

[25]*Id.* (citing cases).

[26]D. Kan. Rule 30.3.

the discovery window for claim construction closed on March 15, 2019, or that the deadline included all depositions for claim construction witnesses, including experts.[27]

Second, JY scheduled the deposition without first hearing from Essence and its counsel regarding a mutually convenient time or the feasibility of the date and location of the deposition. Notably, the November 7 and 8 dates were tied to the November 13, 2019 *Markman* hearing scheduled in the New York case. However, on November 5, 2019, the New York court granted the parties' joint motion to continue the *Markman* hearing until January 3, 2020.[28] That court also ruled that Ms. Chin's deposition will not proceed until the issues regarding discovery of related materials are resolved. Accordingly, JY's argument that, given the time constraints and Ms. Chin's "limited availability," it had no choice but to schedule her deposition on the only feasible dates is no longer tenable.

Finally, the Notice makes clear that JY intends to cover issues other than claim construction at the deposition that will arise at trial, such as infringement and invalidity. Judge Birzer has made clear that this case has bifurcated deadlines and the only type of discovery that is permitted before this Court issues a claim construction order is discovery related to claim construction. Indeed, JY has been warned against trying to get a head start on fact discovery and the Notice of Ms. Chin's deposition is yet another inappropriate attempt to circumvent the scheduling order and engage in premature discovery. With all due respect to Judge Gardephe, the New York court operates under different Local Patent Rules and that case is in a very different procedural posture—there is no phased scheduling and discovery in that case. Under these circumstances, the Court finds that quashing the notice of deposition is warranted to protect

---

[27] D. Kan. Pat. Rule 4.4.

[28] *Jenny Yoo Collection, Inc. v. David's Bridal, Inc.*, No. 18-9926-PGG, Doc. 95 (S.D.N.Y. Nov. 5, 2019).

Essence from prejudice and undue burden and expense.[29] Nothing in this order should be construed as preventing or limiting Plaintiff from deposing Ms. Chin during the fact stage of discovery, if warranted.

### B. Motion to Continue *Markman* Hearing

JY requests the Court continue the *Markman* hearing so that it may depose Ms. Chin. Although this ground for continuance is no longer relevant given the Court's grant of a protective order, the Court revisits the need for a claim construction hearing in light of the nature of the design patents at issue and the parties' comprehensive written submissions, as recently supplemented.

Claim construction is a matter of law for the court.[30] "The construction of claims is simply a way of elaborating the normally terse claim language in order to understand and explain, but not change, the scope of the claims."[31] The Supreme Court's decision in *Markman* does not obligate a court to hold a separate evidentiary hearing to construe the claims, but only requires that the court construe the claims itself and not delegate that task to the jury.[32] As the Federal Circuit has explained, the district court has discretion whether or not it will conduct a *Markman* hearing or simply construe the claims based on the submissions by the parties:

> *Markman* does not require a district court to follow any particular procedure in conducting claim construction. It merely holds that claim construction is the province of the court, not a jury. To perform that task, some courts have found it useful to hold hearings and issue orders comprehensively construing claims in issue. Such a procedure is not always necessary, however. If the district court considers one issue to be dispositive, the court may cut to the heart

---

[29]In its reply, Essence moves for an award of attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5). The Court declines to address an argument raised for the first time in a reply brief.

[30]*Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384–91 (1996).

[31]*Embrex, Inc. v. Service Eng'g Corp.*, 216 F.3d 1343, 1347 (Fed. Cir. 2000).

[32]*Markman*, 517 U.S. at 384–91.

of the matter and need not exhaustively discuss all the other issues presented by the parties. District courts have wide latitude in how they conduct the proceedings before them, and there is nothing unique about claim construction that requires the court to proceed according to any particular protocol. As long as the trial court construes the claims to the extent necessary to determine whether the accused device infringes, the court may approach the task in any way that it deems best.[33]

In this case, JY brings claims for infringement arising from a design patent. Whereas a utility patent protects "any new and useful process, machine, manufacture, or composition of matter,"[34] a design patent may be obtained for "any new, original and ornamental design for an article of manufacture."[35] A design patent thus only protects the novel, ornamental features—essentially, the appearance of—the patented design.[36] When construing a design claim, the court may "translate . . . visual descriptions into words" that "evoke the visual image of the design."[37] In *Egyptian Goddess, Inc. v. Swisa, Inc.*, however, the Federal Circuit recognized that although "trial courts have a duty to conduct a claim construction in design patent cases," there is no "particular form that the claim construction must take."[38] The court explained that "design patents 'typically are claimed as shown in drawings,' and that claim construction 'is adapted accordingly.'"[39] In other words, "a design is better represented by an illustration than it would be by any description."[40]

---

[33]*See Ballard Med. Prods. v. Allegiance Healthcare Corp.*, 268 F.3d 1352, 1358 (Fed. Cir. 2001); *see also* D. Kan. Patent Rule 4.6.

[34]35 U.S.C. § 101.

[35]*Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996) (quoting 35 U.S.C. § 171).

[36]*OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).

[37]*Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 & n.2 (Fed. Cir. 1996).

[38]543 F.3d 665, 679 (Fed. Cir. 2008).

[39]*Id.* (quoting *Ariminak & Assocs., Inc. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1319 (Fed. Cir. 2007)).

[40]*Id.* (citation omitted) ("[T]he preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design.").

On February 22, 2019, the parties filed a Joint Claim Construction and Pre-Hearing Statement.[41] JY contends that each claim in the D120 Patent and the D723 Patent is best represented by the drawings contained in each patent, and that no detailed verbal description or construction is necessary as "a designer of ordinary skill in the art world would conclude that the drawings in the patents, considered collectively and in fair context, clearly and unambiguously depict the dress design incorporated into commercial dress products marketed and sold by Jenny Yoo."[42] Nevertheless, JY proposed an evidentiary *Markman* hearing, and anticipated calling as witnesses designer Jenny Yoo, patent agent and purported expert Kay Chin, and expert Jeff Trexler. Both Trexler and Chin's written submissions and testimony are the subject of JY's motions *in limine*. Essence does not offer any extrinsic evidence and proposes verbal construction of eight terms derived from the descriptions in the patents.[43] Essence states support for its constructions are found in the prosecution histories for the patents.

The parties subsequently filed *Markman* briefs and evidence supporting their respective claim construction.[44] The intrinsic evidence includes, *inter alia*, true and correct copies of the 'D120 Patent and the 'D723 Patent; the prosecution history for the Patents; and the full record of proceedings regarding patent 'D723 before the United States Patent and Trademark Office, *David's Bridal Inc. v. Jenny Yoo Collection, Inc.*, Case PGR2016-00041.

The Court is tasked with construing the claims of two design patents for bridesmaid dresses. The nature of the design patents at issue as well as the parties' positions on claim construction leads the court to conclude that a *Markman* hearing is unnecessary. "In many cases,

---

[41]Doc. 62.

[42]*Id.* at 2.

[43]*Id.*

[44]Docs. 73, 79, 80, 82.

a hearing prior to claim construction allows the court to question and evaluate attorney argument and/or witness testimony regarding the competing claim constructions. Such a process is particularly helpful when the claims are ambiguous or the technology is complex."[45] A *Markman* hearing is not mandated, however, because courts retain the discretion to construe the claims on the basis of a paper record alone. Where, as here, the design technology is accessible to the Court, the claims are relatively straightforward, and the intrinsic evidence is part of the parties' written submissions, a *Markman* hearing is unnecessary. The parties clarified their respective claim construction positions at the pre-*Markman* hearing and supplemented their written submissions.[46] Accordingly, the Court exercises its discretion and chooses not to conduct a claim construction hearing.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Protective Order (Doc. 122) is **granted**. Plaintiff's deposition of Kay Chin shall not proceed as noticed. Nothing in this order should be construed as preventing or limiting Plaintiff from deposing Ms. Chin during another stage of discovery, if warranted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Continue *Markman* Hearing (Doc. 108) is **denied as moot**. The Court choses not to conduct a claim construction hearing but will instead construe the claims bases upon the parties' written submissions; a separate order will follow.

**IT IS SO ORDERED.**

Dated: <u>November 20, 2019</u>

    S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[45]*Aspex Eyewear, Inc. v. E'lite Optik, Inc.*, 2001 WL 204775, at *2 (N.D. Tex. Feb. 27, 2001).
[46]Docs. 119, 120.